UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

    Plaintiff,

v.      Case No. 3:17-cv-00683-JPG-MAB

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Plaintiff William A. White—a prisoner at USP Marion—has sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA). The operative complaint is dizzying: it contains 52 counts; the factual allegations span nearly ten years; and it includes conduct in over 15 prisons and jails located in 10 different judicial districts. (*See generally* ECF No. 49.) The United States has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(3) & (6) for failure to exhaust, improper venue, and failure to state a claim, and Magistrate Judge Beatty has issued a thorough Report and Recommendation on the matter advising this Court to grant the Government's motion in-part. (ECF Nos. 57, 70.) Specifically, Magistrate Judge Beatty says that (1) 14 counts as to the Bureau of Prisons fail as untimely; (2) all counts as to the United States Marshals Service fail because White did not exhaust his administrative remedies; and (3) of the ten remaining counts, six are improperly venued and should be transferred to the Western District of Virginia pursuant to 28 U.S.C. § 1406(a). White has objected. (ECF No. 71.)

    The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the Magistrate Judge in his Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only

1

partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, White has three main objections—but none of them withstand a *de novo* review. First, White says that all of his claims against the BOP are timely, so Magistrate Judge Beatty erred. Untrue. A plaintiff must file an FTCA claim "within two years after such claim accrues" or it is "forever barred." 28 U.S.C. § 2401(b); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). White filed this action in 2017, but many of his allegations against the BOP occurred prior to 2015—even reaching back to 2009 at times. Indeed, White has tried this before in a different case in front of this Court with the exact same factual allegations—and the Court instructed him that his allegations were time-barred. (*White v. USA*, No. 16-cv-968-JPG, ECF No. 21, p. 7.)

White says that this time is different because has since been diagnosed with PTSD because of what happened. But that does not change the outcome: an FTCA claim accrues when "an individual actually knows enough to tip him off that a governmental act (or omission) may have caused his injury; or a reasonable person in the individual's position would have known enough to prompt a deeper inquiry." *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011). And here, White clearly knew enough about the alleged government acts in-question long before he suspected that he had PTSD—he filed lawsuits about it. And even if White does have PTSD, a plaintiff does not need to know the full extent or severity of his injury in order for a claim to start accruing under the FTCA. *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). These claims are clearly time-barred.

Second, regarding the Marshals Service, White says that (1) the Marshals Service delayed responding to him, excusing the fact that White filed before the Marshals Service formally denied his grievance, and (2) even so, White should be excused because he exhausted during the pendency

of this lawsuit and then filed an amended complaint. Neither of these arguments has merit. 28 U.S.C. § 2675(a) says that an FTCA claim is administratively exhausted "when the 'pertinent facts' of the claim have been pled, giving the administrative agency 'sufficient notice' to investigate the claim, and the agency either denies the claim in writing **or fails to make a final disposition within six months after its filing**." *Glade ex rel. Lundskow v. United States*, 831 F. Supp. 2d 1055, 1060 (N.D. Ill. 2011), *aff'd*, 692 F.3d 718 (7th Cir. 2012) (emphasis added) (citing *Palay v. United States*, 349 F.3d 418, 425–26 (7th Cir. 2003)). Here, White says in his operative complaint that he mailed his grievance to the Marshals Service on December 29th. The Marshals Service received it on January 5th. White filed this lawsuit on June 30th. The Marshals Service then asked for more information from White exactly six months after they received his grievance: on July 6th. These dates are important because. The Marshals Service then denied the grievance in August.

White says that his claims against the Marshals Service were exhausted because they failed to make a final disposition within six months after he filed the grievance, but that is mistaken. The operative date for the filing of a grievance under 28 U.S.C. § 2675(a) is the day that the agency receives it—here, January 5th. *Censke v. United States*, 2017 WL 4099208, *4 (S.D.Ind. 2017) (collecting cases). That is when the six-month clock began ticking, which eventually expired in early July. But White filed this lawsuit on June 30th—making it untimely against the BOP. And even though White filed amended his complaint after the Marshals Service denied his grievance, that still does not save his claims: he must bring an entirely new suit. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see See Old Nat. Trust Co. v. United States*, No. 12-cv-1097-MJR-DGW, 2013 WL 3944432 (S.D. Ill. 2013), citing *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013). Dismissal of White's claims against the Marshals Service will accordingly be without prejudice so that he may properly re-file.

Finally, Magistrate Judge Beatty recommends transferring six of the ten remaining counts to the Western District of Virginia because that is where venue over those counts is proper, but White says not so. He argues that all ten remaining counts share a "common core of operative facts," so they accordingly should all be tried together. *See Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016) (citing *Czarniecki v. City of Chicago*, 633 F.3d 545 (7th Cir. 2011)). The Court disagrees. These six counts all concern conduct that allegedly occurred in districts far from here, by different individuals at very different times. It is not clear how these discrete instances are connected at all, barring White's allegations of an overarching conspiracy by the Government. The Court will accordingly transfer those six counts for the reasons that Magistrate Judge Beatty proffered.

So for those reasons, the Court:

- **ADOPTS** Magistrate Judge Beatty's Report as supplemented by this Order (ECF No. 70);

- **GRANTS IN PART** and **DENIES IN PART** the Government's motion to dismiss (ECF No. 57);

- **DISMISSES WITH PREJUDICE** Counts 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 19, 20, 26, and 27 as to the BOP as untimely;

- **DISMISSES WITHOUT PREJUDICE** all counts as to the United States Marshals Service as unexhausted; and

- **TRANSFERS** Counts 37–38, 41–42, and 47–48 to the Western District of Virginia pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

**DATED:  JULY 24, 2019**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

4